Ctiria, per Wardlaw, J.
The motion for nonsuit has been mainly pressed here. Under it the defendants have contended that the deed of marriage settlement adduced by the plaintiff, shows that there was no inheritable interest in Dennis Simmons, which could have descended to his daughter, and that even if the relation of landlord and tenant subsisted between Dennis Simmons and Amos Arnold, nothing therein forbids the tenant, or those holding under him, from showing that the title of the landlord is determined.
We will look at the case first as it stood when the motion *202 for nonsuit was made on the circuit. Then there was evidence that Amos Arnold had, after the death of Elizabeth Coveney, and until the death of Dennis Simmons, acknowledged himself to be the tenant of Dennis Simmons, and that ever afterwards, till his own death, he held without interruption of possession or disclaimer shown — that Dennis Simmons said he acquired possession under the deed of marriage settlement, and that he had claimed both lots, and had sold, one of them. What interest had Dennis Simmons under that deed ? The response of the verdict to the question, submitted to the jury, showed that he claimed to be absolute owner ; and such a claim would naturally arise from a deed which conveyed to a trustee in fee for various uses, the last of which was to a survivor, (which survivor Dennis Simmons was,) “ his executors, administrators and assigns forever.” The title which he claimed was the title acknowledged by his tenant, whether the claim was well or ill founded. But what was really his interest? The conveyance was from Elizabeth Coveney. She appears, by the recital, to have claimed as “ the representative of her late husband,” Thomas Coveney, and that she claimed a fee may be argued from the fact that she conveyed a fee to the trustee, John Simmons. Her intention, according to the recital of the deed, was to convey so that the trusts should be to the parties in the marriage contract, during their joint lives, and after the death of one without issue of the marriage, to the survivor in fee; but by the unskillful introduction of the word executors instead of heirs, the limitation to the survivor was only for life. Where was the fee ? The uses were executed by the statute of uses, even by the words of the deed, after the death of one of the parties without issue. A resulting use executed, or reversion in fee, then vested in the heirs of Elizabeth Coveney, the grantor, at her death, to be enjoyed at the expiration of the life-estate of Dennis Simmons, the survivor: upon the supposition that Elizabeth Coveney was seized in fee, and conveyed what was in effect only an estate for life. The only heir of Elizabeth Coveney brought to the notice of the Court, was her husband, Dennis Simmons. It did not, therefore, appear, by the strictest technical construction of the deed of marriage settlement, that under it Dennis Simmons was not entitled to claim a fee at the time Amos Arnold’s acknowledgment of tenancy was made.
Looking now to the deed adduced by the defendants, it appears that Thomas Coveney conveyed in fee to Thomas Johnson, in trust for his wife, Elizabeth Coveney, during her life, and after her death and the failure of contingencies which have not happened, for Daniel O’Connor, if living, and if not, for Helen O’Connor and her heirs. That this deed was ever known to Dennis Simmons, does not appear. From *203 Elizabeth Coveney’s deed of marriage settlement, she seems not to have claimed under it; and Dennis Simmons could not have claimed under it when he held and demanded rent after the death of Elizabeth Coveney. But it is said that Elizabeth Coveney acquired possession under this deed, Dennis Simmons entered under her, and neither he nor those claiming under him ought to be allowed now to dispute the deed. Conceding what does not appear, that Elizabeth entered under this deed, the plaintiff might feel the force of this argument if it was urged by Daniel O’Connor or Helen O’-Connor ; but it is not for Amos Arnold, or those who claim under him, to say that the title under which he acknowledged tenancy was bad. This the defendants admit, but they urge that their purpose is not to show that the title was bad, but that it is determined. If they mean the title for the life of Elizabeth Coveney, that was determined upon the acknowledgment of tenancy, and, therefore, was not the title that was acknowledged. If they mean the title for the life of Dennis Simmons, no such title could have existed under the deed to Thomas Johnson; and under the deed of marriage settlement, as has been shown before, Dennis Simmons was entitled, as heir of his wife Elizabeth, to the whole or a share of the fee. The defendants stand as Amos Arnold himself would do; hardly so well, for, by inspection of his will, it is seen that he merely devised all his estate and property without mention of this lot, and there is no evidence that he even at any time denied the title of Dennis Simmons, or claimed for himself. No claim by or under Daniel O’Connor or Helen O’Connor, or any heir of Thomas Coveney or Elizabeth Coveney, besides Dennis Simmons, has been shown. The case, regarded as one against Amos Arnold, wherein the fact that he entered as the tentant of Dennis Simmons, who claimed to be absolute owner, has been established by the finding of the jury, is merely an attempt by a tenant who has enjoyed the premises without disturbance, to defeat the rights of his landlord’s heir, upon the ground that a better title than the landlord’s subsists in some third person, or by lapse of time has been transfered to the tenant. The attempt is contrary to well settled principles. The minority of the heir rebuts all presumptions from lapse of time, and the rights of the third person will not be affected by requiring a restoration of the possession which was acquired by acknowledgment of the title that those claiming under the tenant would now deny. It appears to the Court that the nonsuit was properly refused, and that the verdict is not without evidence.
The motions are dismissed.
Richaedson and Evans, JJ. concurred.
OINeall and Feost, JJ. dissented, on the ground that the *204 tenant could and did ¡?how that the title under which he entered, as tenant, had terminated, and, therefore, the plaintiff ought not to have recovered.

Motions refused.